**Sanquita Chyverne ALEXANDER, Plaintiff,**

v.

**CHATTAHOOCHEE VALLEY COMMUNITY COLLEGE and Dr. Laurel Blackwell, etc., Defendants.**

**Civil Action No. 3:03cv192–T.**

United States District Court, M.D. Alabama, Eastern Division.

Nov. 23, 2004.

Afrika C. Parchman, Terry G. Davis, Davis & Hatcher, LLC, Montgomery, AL, William Don Eddins, W. Don Eddins, Attorney at Law, Auburn, AL, for Plaintiff.

John J. Park, Jr., Sandra Ingram Speakman, Margaret L. Fleming, Office of the Attorney General, Montgomery, AL, for Defendant.

## OPINION

MYRON H. THOMPSON, District Judge.

On July 9, 2004, this court granted in part and denied in part defendant Chattahoochee Valley Community College's summary-judgment motion, narrowing plaintiff Sanquita Chyverve Alexander's lawsuit to one claim brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17: her claim that, in 2002, because she is African–American, Chattahoochee Valley refused to appoint her as Director of Admissions and, instead, eliminated the position, reassigned the position's duties to the Director of Student Services, and appointed Joan Waters as Director of Student Services. *Alexander v. Chattahoochee Valley Cmty. College*, 325 F.Supp.2d 1274, 1297 (M.D.Ala.2004). This lawsuit is again before the court, this time on Chattahoochee Valley's supplemental motion for summary judgment asking, essentially, that the court reconsider its decision not to grant summary judgment on this remaining claim. The court agrees that summary judgment is appropriate on this last claim too.

The court assumes the reader is generally familiar with the facts of this case as well as with the standards for summary judgment and Title VII recovery. *Alexander*, 325 F.Supp.2d at 1277–1283.

In its July 9 summary-judgment opinion, this court stated that, in order for

Alexander to demonstrate that Chattahoochee Valley racially discriminated against her when it promoted Waters, a white person, to its newly created Director of Student Services position, Alexander must show that: (1) she is a member of a protected class, (2) she was qualified for the position, (3) she was denied the position, and (4) some additional factor that would allow an inference of discrimination. *Alexander*, 325 F.Supp.2d at 1281. Essentially, with respect to the third element of the prima-facie case, Alexander's evidence must establish that the promotion of Waters instead of her constituted a substantially adverse-employment action for her. An employer's action is substantially adverse to an employee for Title VII purposes when the conduct is "objectively serious and tangible enough to alter [the employee's] compensation, terms, conditions, or privileges of employment, deprive her of employment opportunities or adversely affect her status as an employee." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 588 (11th Cir.2000). Put another way, "[t]o be considered an adverse employment action ..., the action must either be an ultimate employment decision or else must meet some threshold level of substantiality," *Stavropoulos v. Firestone*, 361 F.3d 610, 616–617 (11th Cir.2004) (citation and quotation marks omitted), that is, if the action was not an ultimate employment decision, then the court must ask "whether it rises to the level of substantiality." *Id.*

Chattahoochee Valley argues that its conduct never ripened into a substantially adverse action for three reasons: First, Waters's promotion was rescinded one month after it was made because proper procedures had not been followed. *Id.* at 1278. Second, Waters's pay was never adjusted to reflect any promotion. *Id.* And, third, as Alexander acknowledges, plaintiff's brief (Doc. no. 95) at 4, Waters never assumed any of the Admissions Di-

rector duties. In short, Waters's promotion was, at most, not only extremely short-lived, it was a paper one, without any real substance. Waters enjoyed no tangible advantage, and, correspondingly, Alexander suffered no tangible disadvantage.

The college aptly relies on the Eleventh Circuit Court of Appeal's recent opinion in *Stavropoulos.* There, a college professor sued the University of Georgia Board of Regents and others claiming that the board unlawfully retaliated against her when they negatively rated her job performance and initially voted to terminate her, but ultimately decided to renew her employment contract; the plaintiff's pay and benefits were never altered as a result of the Board's initial vote. 361 F.3d at 617. The Eleventh Circuit affirmed summary judgment in the defendants' favor holding that, because the Regents Board rescinded its termination decision before the plaintiff suffered any tangible harm to her employment status, neither the negative performance ratings nor the unimplemented termination recommendation amounted to a substantially adverse employment action. *Id.* The court concluded that "the acts [plaintiff] complains of ultimately had no effect on her employment status." *Id.* The appellate court further concluded that "[a]ny emotional distress or costs incidental to [plaintiff's] seeking the review provided in her contract ... is likewise too insubstantial to be considered an adverse employment action since the review proved successful for [plaintiff]." *Id.* at 618.

Similarly, because Waters's promotion was rescinded one month after it was made; because Waters's pay was never adjusted to reflect any promotion; because Waters never assumed any of the Admissions Director duties; and, thus, because Waters enjoyed no tangible advantage, and, correspondingly, Alexander suf-

fered no tangible disadvantage, the acts Alexander complains of ultimately had no effect on her employment status. In short, if Alexander had been promoted instead of Waters, in the same defective manner that Waters was promoted, her promotion would have had to have been rescinded, and Alexander would have gained nothing just like Waters gained nothing. Likewise, as in the *Stavropoulos* case, because Waters's appointment was ultimately unsuccessful, any emotional distress or costs Alexander may have suffered or incurred incidental to the appointment are "too insubstantial to be considered an adverse employment action." *Stavropoulos,* 361 F.3d at 618.

To be sure, *Stavropoulos* was a Title VII retaliation case, while Alexander is claiming Title VII discrimination. *Stavropoulos's* teachings, however, are no less applicable here. *See Dobbs–Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 543–46 (6th Cir.1999) (affirming summary judgment for university in associate professor's Title VII discrimination case because, on the professor's appeal, the faculty senate reversed the dean's decision to deny her tenure, and awarded tenure retroactively so that she lost no salary; thus there was no adverse employment action).

An appropriate judgment will be entered.

DONE, this the 23rd day of November, 2004.

## JUDGMENT

In accordance with the memorandum opinion entered today, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Defendant Chattahoochee Valley Community College's supplemental motion for summary judgment (Doc. No. 87) is granted as to plaintiff Sanquita Chyverne Alexander's remaining claim.

(2) Judgment is entered in favor of defendant Chattahoochee Valley Community College and against plaintiff Alexander, with plaintiff Alexander taking nothing by her lawsuit.

It is further ORDERED that costs are taxed against plaintiff Alexander, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.